IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**PITTSBURGH**

| | | |
|---|---|---|
| DEBRA SPIRKO, | ) | |
| | ) | |
| Plaintiff, | ) | 2:23-CV-01821-MJH |
| | ) | |
| vs. | ) | |
| | ) | |
| COUNTY OF ALLEGHENY, | ) | |
| | ) | |
| Defendant, | ) | |

**MEMORANDUM OPINION**

On October 20, 2023, Plaintiff, Debra Spirko, filed this lawsuit against Defendant,
County of Allegheny. On August 27, 2024, Plaintiff filed a three-count Amended Complaint,
alleging claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Pennsylvania
Human Relations Act ("PHRA"), and Americans with Disabilities Act ("ADA"). (ECF No. 11).
On December 30, 2024, Defendant filed a Partial Motion to Dismiss Plaintiff's PHRA claim and
accompanying brief. (ECF Nos. 21 & 22). Plaintiff did not respond to Defendant's Motion. For
the reasons below, Defendant's Partial Motion to Dismiss will be granted.

**I.    Statement of Facts**

Throughout the COVID-19 pandemic, Allegheny County enacted policies and practices that
were designed to halt the spread of COVID-19. These policies and practices were based on
available data and public-health guidance at the time that they were enacted. (ECF No. 22-1). At
first, Allegheny County implemented masking and social distancing practices. (*Id.*). On August
5, 2021, in addition to the masking and social distancing practices, Allegheny County announced

that all employees who did not have their COVID-19 vaccination were required to undergo

weekly COVID-19 testing. (*Id.*) On September 29, 2021, Allegheny County announced that it

was implementing a COVID-19 vaccine mandate ("vaccine mandate") for all County employees

under the Executive branch. (*Id.*) The vaccine mandate stated that "all Allegheny County

employees under the Executive branch must have received their second dose of a two-dose

COVID-19 vaccine or a one-dose vaccine" on or before December 1, 2021. (*Id.*) The mandate

allowed for exceptions as "required by law" and further stated that "employees who fail to

submit proof of completed vaccination by December 1, 2021 (without an approved

accommodation) will be subject to termination of employment. (*Id.*).

Plaintiff, Debra Spirko, was employed by Allegheny County. (ECF No. 11, at ¶ 17). After

Allegheny County announced its vaccination mandate, Plaintiff submitted a religious

accommodation request to the mandate, indicating her objection to the vaccination mandate

based upon her religious beliefs. (*Id.* ¶ 20). Plaintiff alleges that she informed Defendant that "he

or she believes that their body is a holy temple of the Holy Spirit and that being vaccinated

would entail going against their convictions and the commands of God." (*Id.*). Plaintiff further

alleges that "based upon their Christian beliefs [Plaintiff] does not believe in abortion. All of the

three available vaccines used fetal cells in the creation and/or testing and/or manufacturing

which is against his or her religion." (*Id.*). Plaintiff's religious accommodation request was

denied by Defendant, who claimed that such accommodation would impose an undue hardship

upon Defendant. (*Id.* ¶ 27).

Plaintiff alleges that she participated in a Loudermill hearing related to her exemption

requests. (*Id.* ¶ 21). Plaintiff further alleges that the Loundermill hearing was a "sham," and that

Defendant did not properly engage in the interactive process. (*Id.*). Plaintiff alleges that she was

terminated on December 2, 2021, for failure to comply with the vaccination mandate. (*Id.* ¶ 24).

On January 14, 2022, Plaintiff filed a charge with the EEOC, claiming Defendant discriminated

against her based upon her religious beliefs and disability. (ECF No, 22-3). Within the Charge,

Plaintiff stated she was terminated on December 31, 2021. (*Id.*). Plaintiff also indicated within

the Charge that she was also filing the charge with the Pennsylvania Human Relations

Commission ("PHRC"). (*Id).*

## II.      Relevant Legal Standard

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6),

the court must "accept all factual allegations as true, construe the complaint in the light most

favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint,

the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014)

(quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). "To survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Supreme Court clarified that this plausibility standard should not be conflated with a

higher probability standard. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S.

at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be

enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A

pleading party need not establish the elements of a prima facie case at this stage; the party must

only "put forth allegations that 'raise a reasonable expectation that discovery will reveal

evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir.

2009) (quoting *Graff v. Subbiah Cardiology Assocs., Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4,

2008)); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal

conclusions cast in the form of factual averments. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d

902, 906 n.8 (3d Cir. 1997). The primary question in deciding a motion to dismiss is not whether

the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to establish

the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000). The purpose

of a motion to dismiss is to "streamline[] litigation by dispensing with needless discovery and

factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

## III.    Discussion

### A.  Count II: PHRA Claim

Defendant argues that Plaintiff's PHRA claim should be dismissed, because Plaintiff failed to

exhaust her administrative remedies. (ECF No. 22, at 4-6). Plaintiff further argues that there is no

PHRC docket number contained on Plaintiff's EEOC Charge and Plaintiff does not allege any

facts within her Amended Complaint to establish that Plaintiff filed any Charge with the PHRC

or received a right to sue letter from the PHRC. (*Id.* at 4-5). Plaintiff's Amended Complaint

alleges "Plaintiff filed a Charge of Discrimination with the Equal Opportunity Commission and

cross-filed with the Pennsylvania Human Relations Commission." (ECF No. 11, at ¶ 2a).

Before filing a claim under the PHRA, a plaintiff must exhaust her administrative remedies

under the act. 42 Pa. C.S.A. § 962(c)(1). If the PHRC does not act on the Complaint within a

year from its filing, or the PHRC dismisses the complaint within that year, then the plaintiff may file suit. *Price v. Phila. Electric Co.,* 790 F. Supp. 97, 99 (E.D. Pa. 1992). A court does not have jurisdiction over a PHRA claim if a plaintiff fails to exhaust the administrative remedies provided by the statute. *Rosetsky v. Nat'l Bd. of Med. Examiners of the U.S.*, 350 Fed. Appx. 698, 703 (3d Cir. 2009). The EEOC and PHRC participate in a work sharing agreement.

> [T]he worksharing agreement [which divides responsibility for processing claims that have been dual filed with both the EEOC and the PHRC] allows a plaintiff to proceed in court under Title VII without first filing with the PHRC. That, however, does not mean that a plaintiff can initiate PHRC proceedings as required by the PHRA merely by filing with the EEOC. Whether a plaintiff has initiated PHRC proceedings under the PHRA is a state law issue.... EEOC procedures are not a sufficient surrogate for PHRC remedies.

*Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 164 (3d Cir. 2013) (citing *Woodson v. Scott Paper Co.*, 109 F.3d 913, 926-27 (3d Cir. 1997).

Here, Plaintiff filed a Charge with the EEOC on January 14, 2022, alleging that Defendant discriminated against her based upon her religious beliefs. (ECF No. 22-3). Within the charge, in the "State or local Agency, if any" line, Plaintiff typed in Pennsylvania Human Relations Commission. (*Id.*). Plaintiff alleges that she received a right to sue letter from the EEOC; but, she does not allege that she received one from the PHRC. Further, she does not allege that she received a confirmation that the PHRC received her charge. It is unclear at this point whether the PHRC ever received Plaintiff's Charge and initiated proceedings on her behalf. Thus, the Court is unable to determine whether Plaintiff's administrative remedies have been exhausted under the PHRA. Accordingly, the Court will grant Defendant's Partial Motion to Dismiss Plaintiff's PHRA claims at this time as there are still questions surrounding whether Plaintiff

adequately exhausted her administrative remedies under the PHRA. *See Chirico v. Borough of Delaware Water Gap*, 732 F. Supp. 3d 399, 409 (M.D. Pa. 2024)

### IV.    Conclusion

For the reasons above, Defendant's Partial Motion to Dismiss, will be granted. Plaintiff has until on or before June 23, 2025 to file an Amended Complaint. If Plaintiff does not file an Amended Complaint by said date, then the PHRA claims will be dismissed, with prejudice. If Plaintiff files an Amended Complaint, Defendant shall respond on or before July 7, 2025. If Plaintiff does not file an Amended Complaint, then Defendant shall file a response to the remaining claims on or before July 7, 2025.

DATE: June 2, 2025

Marilyn J. Horan
United States District Judge